[Cite as *Jennings v. Hall*, 2013-Ohio-1731.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| TERRI JENNINGS, | : | |
| Petitioner-Appellee, | : | CASE NO. CA2012-12-259 |
| | : | O P I N I O N |
| - vs - | | 4/29/2013 |
| | : | |
| WAYNE EUGENE HALL, | : | |
| Respondent-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2010-1388

Terri Jennings, 4689 Aspen Drive, Hamilton, Ohio 45011, petitioner-appellee, pro se

Richard Hurchanik, 110 North Third Street, Hamilton, Ohio 45011, for respondent-appellant

**PIPER, J.**

{¶ 1} Respondent-appellant, Wayne Hall, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, agreeing to hold a hearing to determine if child support obligations should be modified.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2} Wayne Hall and Terri Jennings had a child, and Hall's parentage of the child was established in the juvenile court. Jennings moved for child support, and the parties later attended mediation to determine child support issues. At the mediation, neither party was represented by counsel. Jennings agreed to accept a lump sum payment of $22,825.70. She also waived any child support obligation Hall might have. The mediation agreement was adopted by a magistrate on August 24, 2011, and neither party objected or appealed.

{¶ 3} On September 26, 2012, Jennings filed a pro se motion in the juvenile court to modify child support, requesting $225 a week on the basis that she was in the process of losing her job. A magistrate set the matter for a hearing, at which Hall and Jennings, and their respective attorneys appeared. Hall argued that modification of the mediated agreement was not possible. The magistrate, however, determined that holding a hearing was necessary in order to determine the best interests of the child, and scheduled a "contested hearing." Hall objected to the magistrate setting a hearing date, and filed a motion to dismiss, and also objections to the magistrate's decision. The trial court denied Hall's motion to dismiss and overruled the objections, concluding instead that the magistrate had not yet issued a decision on the issue. The trial court did not make any other findings of fact or conclusions of law.

{¶ 4} Hall now appeals the trial court's decision overruling his objections and denying his motion to dismiss, and suggests that the trial court erred by agreeing to hear the issue of child support where Jennings arguably waived future child support in lieu of a lump sum payment.[2] Rather than address the merits of Hall's argument, we find that there is a lack of a final appealable order, and dismiss this cause.

---

2. We do not decide today the merits of Hall's arguments. The parties' prior agreement, as interpreted by Hall, may, or may not, be the final interpretation found to exist by the trial court.

{¶ 5} "Generally, an order denying a motion to dismiss is not a final order." *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,* 108 Ohio St.3d 540, 2006-Ohio-1713, ¶ 8. According to Section 3(B), Article IV of the Ohio Constitution, this court has jurisdiction to hear appeals from judgments or "final orders." As relevant to the present case, R.C. 2505.02(B) defines "final orders" as (1) "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or (2) "an order that affects a substantial right made in a special proceeding." In this case, the order from which Hall attempts to appeal did not determine the action because it did not adjudicate the issue raised in Jennings' motion as to whether modification of the mediated agreement was possible.

{¶ 6} Nor did the dismissal of the motion affect a substantial right in a special proceeding. To qualify as a special proceeding, the action must be "specially created by statute" and "not denoted as an action at law or a suit in equity" prior to 1853. *Wilhelm-Kissinger v. Kissinger,* 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 6. Matters within the juvenile court setting child support are special proceedings. *See State ex rel. Fowler v. Smith,* 68 Ohio St.3d 357 (1994); *In re C.G.,* 12th Dist. Nos. CA2007-03-005, CA2007-03-006, 2007-Ohio-4361, ¶ 49; *Whitman v. Whitman,* 3d Dist. No. 5-05-36, 2007-Ohio-4231. Consequently, an order entered in such a proceeding that affects a substantial right would qualify as a final appealable order pursuant to R.C. 2505.02. However, in this case, the order overruling Hall's objections to the magistrate setting a hearing did not affect his substantial rights.

{¶ 7} An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.,* 67 Ohio St.3d 60, 63 (1993), *modified by Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638 (1994). Hall has not been denied the ability to obtain effective relief by the trial court denying his motion to dismiss or in overruling his objections. In order for either

Jennings or Hall to obtain the relief they seek, the magistrate must first decide whether it is proper for the mediation agreement to be modified and to determine whether a child support order is appropriate. That decision has not been reached, and instead, the only decision made was to set a hearing date. Setting a contested hearing date is not tantamount to either party receiving any form of relief, as the merits of the case have not been addressed.

{¶ 8} In order to perform a proper review of the issues, as suggested by Hall, testimony and facts must be entered into the record. Today's decision in no way acts as res judicata to bar any future determination of the *merits* of this case in the trial court or in this court on a possible future appeal. Nor does this decision make any determination of the merits of Hall's claim that modification of the mediation agreement is not proper. Instead, we recognize that neither the magistrate nor the trial court held a hearing, took evidence or testimony, or issued a decision from which an appeal would have been proper. The merits of this case must be determined before an appeal is proper.

{¶ 9} For the stated reasons, the order from which Hall has appealed is not final and appealable. Consequently, we dismiss the appeal for lack of jurisdiction.

{¶ 10} Appeal dismissed.

RINGLAND, P.J., and M. POWELL, J., concur.