[Cite as *Carpenter v. Carpenter*, 2013-Ohio-4980.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| CURTIS WAYNE CARPENTER, | : | |
| Plaintiff-Appellant, | : | CASE NO.  CA2013-05-083 |
| | : | O P I N I O N |
| - vs - | | 11/12/2013 |
| | : | |
| MICAH MAY CARPENTER, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DS12-10-0081


Richard A. Hyde, 6 South Second Street, Suite 311, Hamilton, Ohio 45011, for plaintiff-appellant

Ched H. Peck, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellee


**RINGLAND, J.**

{¶ 1}  Plaintiff-appellant, Curtis Wayne Carpenter (father), appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, designating Micah May Carpenter (mother), residential parent and legal custodian of the parties' daughter.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶ 2} Mother and father were married on September 6, 2008 and two children, a son and a daughter, were born during the marriage. On October 8, 2012, father filed a complaint for custody of their daughter.[2] A hearing over multiple days was held before a magistrate. During the hearing, father testified that mother's behavior is often erratic and unsafe for the daughter including mother's suddenly moving the daughter to the west coast in the summer of 2012 and exposing her to an uncle who had sexually abused mother. The evidence also established that father suffers from a drug addiction but is attending a drug rehabilitation program, has a criminal record, and tested positive for cocaine on a court-ordered hair follicle test administered in late 2012.

{¶ 3} At the conclusion of the hearings, the magistrate granted father residential parent and legal custodian status while mother was granted parenting time with the daughter. Subsequently, mother filed an objection to the magistrate's decision. While the custody matter was pending, father filed for divorce from mother.[3] The divorce action is a separate case and has not been consolidated with the custody dispute.

{¶ 4} On May 13, 2013, the trial court entered its decision regarding custody of the daughter. The court overruled the magistrate's decision and ordered that mother be named residential parent and legal custodian of the daughter and granted father parenting time. In its decision, the trial court acknowledged the pending divorce action between the parties. The court instructed the parties to incorporate the parenting orders into their divorce decree after the issuance of a final child support order and to dismiss the present case upon the filing of the divorce decree. The court then remanded the present case to the magistrate to

2. Father filed a complaint for custody of both children in the Butler County Common Pleas Courts, Division of Domestic Relations. However, the parties' other child, the son, was under the jurisdiction of the Juvenile Division and therefore the custody of the son is not at issue in this case.

3. The divorce case was filed in Butler County Court of Common Pleas, Division of Domestic Relations, Case No. DR13020136.

"calculate child support, give orders regarding health insurance and payment of medical expenses, and properly allocate the tax exemption for the [daughter]."

{¶ 5} Father now appeals, raising a sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF [FATHER] IN OVERRULING THE DECISION OF THE MAGISTRATE AND GRANTING [MOTHER] RESIDENTIAL PARENT STATUS OF [DAUGHTER].

{¶ 7} Father argues that the trial court abused its discretion in designating mother residential parent and legal custodian of the daughter. Specifically, father asserts the trial court failed to consider that mother has mental health issues and has exhibited poor judgment.

{¶ 8} Before we address the merits of the instant appeal, we must determine whether this court has jurisdiction. It is well-established that appellate courts have jurisdiction to review only judgments or "final orders." Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2505.03(A). Final orders are those that dispose of the whole case or some separate and distinct subdivision of it while leaving nothing for future determination. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 13. If an order appealed from is not final and appealable, a court of appeals has no jurisdiction to rule on the appeal and must dismiss it, sua sponte, even if neither party has raised the issue. *Ossai-Charles v. Charles*, 188 Ohio App.3d 503, 2010-Ohio-3558, ¶ 12 (12th Dist.).

{¶ 9} R.C. 2505.02(B)[4] defines several types of "final orders" that may be "reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02(B)(1) states that a final order is one that "affects a substantial right in an action that in effect determines the action and prevents a judgment." Additionally, R. C. 2505.02(B)(2) states that an order is final and

---

4. R.C. 2505.02 was amended by 2013 Ohio Laws File 25 (Am.Sub.H.B. 59). However these changes do not affect the relevant provision of the statute in this case.

appealable when it "affects a substantial right made in a special proceeding * * *." Divorce and ancillary custody proceedings did not exist at common law, but were created by statute, and therefore are special proceedings within the meaning of Section 2505.02 of the Ohio Revised Code. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). Therefore, R.C. 2505.02(B)(2) is the proper subsection to determine whether a custody decision is final and appealable.

{¶ 10} A "[s]ubstantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). The Ohio Supreme Court has recognized that "parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a 'substantial right' for purposes of applying R.C. 2505.02." *In re T.G.*, 12th Dist. No. CA2008-01-026, 2008-Ohio-4165, ¶ 13, quoting *In re Murray*, 52 Ohio St.3d 155, 157 (1990). An order *affects* a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future if an appeal were not immediately allowed. *E.g.*, *Jennings v. Hall*, 12th Dist. Butler No. CA2012-12-259, 2013-Ohio-1731, ¶ 7.

{¶ 11} This court has joined with many of our sister appellate Districts in holding that, "where the amount of child support is ambiguous, or left to be calculated at a later date, there is not a final appealable order because the order contemplates further action by the trial court." *In re B.H.S.*, 12th Dist. Butler No. CA2009-05-129, 2010-Ohio-2706, ¶ 11, quoting *Coleman v. Vickers*, 4th Dist. Vinton No. 480, 1993 WL 120657, *1 (Apr. 20, 1993). Similarly, the Eighth District has held that an order was not final when child custody was determined but calculation of child support was deferred to a later date. *In re Burke*, 8th Dist. Cuyahoga Nos. 78982, 79414, 2002 WL 102960, *2 (Jan. 24, 2002). *See Robinson v. Robinson*, 9th Dist. Summit No. 21440, 2003-Ohio-5049, ¶ 6 ("[w]hen a trial court grants a monetary award

that is left unresolved, a final appealable order does not exist"). *See also Michael v. Michael*, 12th Dist. Preble No. CA99-05-12 (Dec. 13, 1999)(noting that a custody decision was not a final appealable order when the issues of visitation of child support were not determined). We note that while some of these cases determined that the order was not final under R.C. 2505.02(B)(1), an analysis under R.C. 2505.02(B)(2) is more appropriate.

{¶ 12} The trial court's May 13, 2013 entry declaring mother residential parent and legal custodian of the daughter and granting father parenting time was not a final appealable order. While the entry declared mother residential parent and legal custodian, the case was remanded to the magistrate to calculate child support, determine health insurance and payment of medical expenses, and properly allocate the tax exemption for daughter. As noted above, this court and others have determined that where the amount of child support is undetermined, there is not a final appealable order. The determination of child support and custody are hand in glove; trial courts cannot determine child custody without also issuing an award of support. *See* R.C. 3109.04(A); R.C. 3105.21(A). The order does not dispose of the whole case or a separate and distinct part of it while leaving nothing for further determination.

{¶ 13} Accordingly, we hold that an order related to custody does not affect a substantial right until there is both an order determining custody and a support order based on that order. There has been no showing that father would be denied the ability to obtain appropriate relief by being required to raise his argument that the trial court incorrectly granted custody to mother after the court determines the amount of father's support obligation. In so holding, we note that some legal scholars have interpreted *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, ¶ 24, as creating an "immediate consequences" test in determining whether an order was final and appealable. Painter and Pollis, *Baldwin's Ohio Handbook Series Ohio Appellate Practice*, Section 2:14 (2012). Even if we were to accept and apply this test, our holding would not change because the evidence

established that the daughter was residing with mother before the custody proceedings and therefore granting mother custody would not result in "immediate consequences" to the parties.

{¶ 14} Therefore, the trial court's order granting custody does not result in any "immediate consequences" nor does it foreclose either party from appropriate relief in the future.

{¶ 15} Appeal dismissed for lack of a final appealable order.

HENDRICKSON, P.J., and S. POWELL, J., concur.