[Cite as *Brown v. Dean*, 2016-Ohio-1360.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DEVIN BROWN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0034** |
| DESIREE DEAN, | : | |
| Defendant-Appellant. | : | |

Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 14 PN 000155.

Judgment: Appeal dismissed.

*Lisa A. Hahn,* 6505 Rockside Road, Suite 320, Independence, OH 44131 (For Plaintiff-Appellee).

*Laura M. Wellen,* Thrasher, Dinsmore & Dolan, 100 7th Avenue, Suite 150, Chardon, OH 44024 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Desiree Dean, appeals the judgment of the Geauga County Court of Common Pleas establishing a visitation order for appellant and appellee, Devin Brown, with respect to the parties' minor child. For the reasons that follow, the court's order was not a final, appealable order, and appellant's appeal is therefore dismissed.

**{¶2}** The parties were previously in a relationship, as a result of which, appellant (mother) gave birth to a daughter in July 2013. The child has resided with mother since that time.

**{¶3}** On April 29, 2014, the state of Ohio, on behalf of appellee (father), filed a complaint to establish a parent-child relationship between father and the child.

**{¶4}** On July 1, 2014, the state filed the genetic testing results establishing that the child is father's biological daughter.

**{¶5}** On September 5, 2014, father filed a motion for custody of the child.

**{¶6}** On February 2, 2015, the trial court held a pre-trial conference. The parties and their attorneys appeared, mother by telephone, and discussed the issue of visitation. Mother's attorney advised the court that the parties were attempting to amicably agree to a visitation schedule. The issue was complicated because mother had moved to Indiana and was expecting another child with her current boyfriend. Counsel jointly requested a continuance to give the parties an opportunity to agree to a visitation schedule.

**{¶7}** The trial court agreed to give the parties a 60-day continuance and instructed them to enter an "interim visitation agreement" within 14 days to last for the two-month period prior to the court's deadline. The court told the parties that, in the event they were unable to enter an interim visitation agreement, each party was to submit a proposed visitation schedule and the court would decide the issue.

**{¶8}** The next day, February 3, 2015, mother filed a motion for custody, child support (ongoing and retroactive), and an award of mother's birthing expenses.

2

{¶9} By March 10, 2015, the parties had not entered an interim visitation agreement or submitted proposed visitation orders. Thus, on that date, the court entered an interim visitation order. The court ordered that father would have two supervised weekend visits with the child in Indiana before the next pre-trial on April 1, 2015, with mother to pay the costs of gas and supervision. The court ordered that if mother did not comply with the court's orders, "temporary custody shall be issued to Father."

{¶10} On March 27, 2015, the court held an attorney conference. The court advised counsel that the court had located an agency in Indiana that could monitor father's supervised visits. The court advised counsel that father's supervised visits should proceed using this agency for one month and, if this visitation was successful, the court would consider unsupervised visits thereafter. Counsel for both parties agreed. They also agreed to continue the pre-trial for one month to see how visitation was progressing.

{¶11} At the June 8, 2015 pre-trial, father's counsel reported the supervising agency was unable to attend the visitations, but counsel for both parties arranged for father to have two visits. Father's counsel reported that the first visit was successful, but the second was not quite as successful as mother was upset that father brought his girlfriend to the visits. While the parties generally agreed that father should have visitation, they did not agree regarding the specifics, although they agreed their overall goal was to share the costs of transportation. The court ordered the parties to submit proposed visitation schedules by June 15, 2015.

**{¶12}** The parties submitted proposed visitation schedules, but on July 10, 2015, mother filed a notice of withdrawal of her proposal, without providing any reasons in support. On that same date, she also filed a motion for an interim visitation schedule and a motion for a full hearing on the visitation issue.

**{¶13}** On July 13, 2015, the court entered a visitation order, which included a notice that the judgment "<u>may</u> be an 'appealable' order." (Emphasis sic.) However, in this order, the court did not rule on the parties' respective motions for custody or mother's motion for child support and an award of her birthing expenses.

**{¶14}** Curiously, while the court never ruled on father's motion for custody or mother's motion for custody and child support, on July 14, 2015, the court entered a "Costs Order" in which the court stated: "It is ordered that costs * * * be assessed as follows * * *: MOTION FOR CUSTODY AND CHILD SUPPORT FILED BY DESIREE DEAN Costs taxed to Defendant[.]"

**{¶15}** Mother appeals the trial court's July 13, 2015 judgment, asserting the following two assignments of error:

**{¶16}** "[1.] The Trial Court erred when it disregarded Mother's procedural and substantive due process right to a fair and accurate trial by implicitly dismissing, without the benefit of a full hearing, Mother's motions for a full hearing on custody and parenting.

**{¶17}** "[2.] The Trial Court erred and abused its discretion when it failed to establish a child support order."

**{¶18}** As noted above, while the trial court entered a visitation order, the court did not rule on either of the parties' motions for custody or mother's motion for child

4

support and for an award of her birthing expenses. Thus, a threshold jurisdictional question must be addressed prior to consideration of the merits. This court's jurisdiction over trial court judgments extends only to final orders. Ohio Const. Sec. 6, Art. IV, Sec. 3(B)(2). R.C. 2505.02(B)(2) defines "a final order that may be reviewed, affirmed, modified, or reversed" as one that "affects a substantial right made in a special proceeding * * *." Divorce and ancillary custody proceedings did not exist at common law, but were created by statute, and are special proceedings within the meaning of R.C. 2505.02. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994); R.C. 2505.02(A)(2). In addition, proceedings in the juvenile division, including parentage actions, are special proceedings pursuant to Civ.R. 1(C)(7). *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994). An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). '[T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.' *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).

{¶19} In an action to establish paternity and child support, the juvenile court's order is not a final order until both issues have been adjudicated. *Fowler, supra,* at 359-60. A substantial right is not affected until the trial court issues a support order based on the judgment of paternity. *Adams v. Jett*, 2d Dist. Montgomery No. 14636, 1995 Ohio App. LEXIS 481, *7 (Feb. 10, 1995). For purposes of determining the existence of

5

a final order, the issues of custody and visitation may be raised by motion. *See Nwabara v. Willacy*, 8th Dist. Cuyahoga No. 69786, 1996 Ohio App. LEXIS 2409, *2, *6 (June 13, 1996).

{¶20} Further, "[w]hen a juvenile court determines custody but defers its decision on child support issues to another date, said decision does not constitute a final appealable order pursuant to R.C. 2505.02(B)." *In re Burke*, 8th Dist. Cuyahoga Nos. 78982 & 79414, 2002 Ohio App. LEXIS 189, *4 (Jan. 24, 2002). In *Burke*, the father applied for a determination of child support, and later moved for custody. The juvenile court granted custody to the father, but did not make a determination regarding child support issues. The mother appealed the court's award of custody. In these circumstances, the Eighth District held the court's judgment was not yet final and dismissed the mother's appeal. *Id*. at *5.

{¶21} Here, although the trial court granted visitation to father, it did not make a determination regarding custody, child support, or mother's birthing expenses, although these issues were clearly before the court by virtue of father's motion for custody and mother's motion for custody, child support, and an award of her birthing expenses. Thus, the court's judgment in this case is not yet final.

{¶22} Both parties argue that the trial court erred and abused its discretion in failing to establish a child support order and that this case should be remanded for a hearing on that issue. Father argues the trial court disposed of the custody motions by entering a visitation order. This argument lacks merit, however, because custody and visitation are different issues in that visitation is granted to a party that does not have

custody of the child.  *See Hollingsworth v. Hollingsworth*, 34 Ohio App.3d 13, 15 (10th Dist.1986).

{¶23}  Mother argues the trial court's judgment is final because the court did not defer the child support order for future determination, but rather, closed the case, implicitly denying mother's motion for child support.  In support, mother points to the well-settled principle that as a "general proposition, if a trial court fails to issue a written ruling on a pending motion prior to the release of the final judgment in a civil action, it is presumed that the court intended to deny that motion." *State ex rel. Fontanella v. Kontos*, 11th Dist. Trumbull No. 2007-T-0055, 2007-Ohio-5213, ¶9. The rationale for this rule is that, by issuing a *final judgment* in a pending case, the trial court has exhibited an intent to dispose of the entire proceeding; under such circumstances, it is presumed that the court intended to dispose of all other pending motions in a manner that was consistent with the final judgment.  *Id.* at ¶9.  However, while the court's July 13, 2015 judgment determined visitation and the court's July 14, 2015 judgment taxed costs to mother, neither judgment is final since neither prevented the trial court from ruling on the parties' outstanding motions.  Thus, the presumption that the court denied their pending motions for custody and child support does not apply.

{¶24}  For the reasons stated above, it is the judgment and order of this court that the appeal is dismissed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.