[Cite as *Fordeley v. Fordeley*, 2016-Ohio-6995.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTINA FORDELEY, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0055** |
| MARK FORDELEY, et al., | : | |
| Defendant-Appellant. | : | |

Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2012 DR 00330.

Judgment: Appeal dismissed.

*Matthew C. Giannini*, 1040 South Commons Place, #200, Youngstown, OH 44514, and *Louis E. Katz*, 70 McKinley Way West, Poland, OH 44514 (For Plaintiff-Appellee).

*Frank R. Bodor*, 157 Porter Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

*Michael R. Babyak*, 1075 Susan Road, Ravenna, OH 44266 (Guardian ad litem).

THOMAS R. WRIGHT, J.

{¶1} Appellee, Christina M. Fordeley, moves for dismissal on jurisdictional grounds due to the lack of a final appealable order.

{¶2} In the appealed judgment, the trial court resolved three issues. First, the court concluded that the parties' premarital agreement is invalid and unenforceable. Second, the court held that the premarital agreement does not have a waiver of right to

spousal support. Third, the court found that, even if the agreement has a spousal support waiver, a change of circumstances renders the waiver unconscionable. In light of these rulings, the court deemed the action ready for trial.

{¶3} A judgment of a trial court is immediately reviewable by an appellate court only if it constitutes a "final order" in the action. Ohio Constitution, Section 3(B)(2), Article IV; *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to immediately review, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Childrens Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3; *Dave v. Dave*, 11th Dist. Portage No. 2016-P-0020, 2016-Ohio-5185, ¶11.

{¶4} For purposes of R.C. 2505.02, a divorce action is a "special proceeding" as it did not exist at common law. *Brown v. Dean*, 11th Dist. Geauga No. 2015-G-0034, 2016-Ohio-1360, ¶18, citing *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379, 632 N.E.2d 889 (1994). A judgment in a special proceeding is final and appealable if it "affects a substantial right made in a special proceeding * * *." R.C. 2505.02(B)(2). "An order affects a substantial right if, in the absence of an immediate appeal, one of the parties would be foreclosed from appropriate relief in the future." *Id.*, citing *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 Ohio St.2d 181 (1993).

{¶5} Appellant argues that, unless he is allowed to immediately appeal the trial court's ruling as to the premarital agreement's enforceability, he will incur unnecessary

2

litigation expenses. However, that does not amount to foreclosure of appropriate relief in the future. *See Polikoff v. Adam*, 67 Ohio St.3d 100, 616 N.E.2d 213 (1993), syllabus, overruling *Amato v. Gen. Motors Corp.*, 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452 (1981).

{¶6} Although it might be necessary for appellant to expend additional funds, this does not involve a situation where the lack of immediate review will render the substance of the appealed judgment moot or otherwise foreclose appropriate relief.

{¶7} As the appealed judgment does not affect a substantial right in a special proceeding, it is not a final order under R.C. 2505.02(B)(2). Thus, appellee's motion to dismiss is granted. The appeal is hereby dismissed for lack of jurisdiction.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.