[Cite as *Peck v. Tokar*, 2016-Ohio-8112.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DONALD PECK, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees | : | |
| (ALAN N. HIRTH, et al., | : | **CASE NO. 2016-G-0086** |
| Appellees), | : | |
| - vs - | : | |
| GREGG J. TOKAR, et al., | : | |
| Defendants, | : | |
| DAMON MINTZ, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2014 M 000048

Judgment: Appeal dismissed.

*Alan N. Hirth*, and *Debra J. Horn*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Blvd., #500, Cleveland, OH 44122 (For Plaintiffs-Appellees, Donald Peck and Rita Peck).

*Andrew J. Dorman*, and *Holly Marie Wilson*, Reminger Co., L.P.A., 1400 Midland Building, 101 Prospect Avenue, West, Cleveland, OH 44115-1093 (For Appellees, Alan N. Hirth, Debra J. Horn, and Meyers, Roman, Friedberg & Lewis).

*Michael R. Stavnicky*, Singerman, Mills, Desberg & Kauntz Co., L.P.A., 3333 Richmond Road, #370, Beachwood, OH 44122 (For Defendants-Appellants, Damon Mintz and Legacy Network Holding, LLC).

COLLEEN MARY O'TOOLE, J.

{¶1} On August 8, 2016, appellants, Damon Mintz and Legacy Network Holding, LLC, filed an appeal from the judgment of the Geauga County Court of Common Pleas denying their motion for sanctions. Appellees, Alan N. Hirth, Debra J. Horn, and Meyers, Roman, Friedberg & Lewis, as well as appellees, Donald Peck and Rita Peck, have moved this court to dismiss the underlying appeal for want of a final, appealable order. Appellants opposed both of the motions.

{¶2} The record reveals that appellees, Donald and Rita Peck, filed a complaint against appellants, as well as several other defendants. Appellants separately motioned the trial court to dismiss the claims against them pursuant to Civ.R. 12(B)(6). The trial court granted appellants' motions to dismiss, but the case remains pending against various other parties. The judgment entry did not include Civ.R. 54(B) language, directing that "there is no just cause for delay."

{¶3} Appellants subsequently moved for sanctions, pursuant to Civ.R. 11 and R.C. 2323.51, against appellees seeking attorney fees, costs, and expenses associated with defending the case. The trial court denied that motion. Again, no Civ.R. 54(B) language was affixed to that judgment. Appellants filed the instant appeal as a result.

{¶4} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a trial

court's order is not final, then an appellate court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5}   The notion of a "final order" is premised upon the rationale that the court entering an order which is not final retains jurisdiction to proceed further in a case. *Noble, supra*, at 94. "'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶6}   R.C. 2505.02(B)(1) and (2) require the order to affect a "substantial right." An order affects a substantial right only if "an immediate appeal is necessary to protect the right effectively." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 92. Here, we fail to see how an immediate review of the underlying judgment denying appellants' motion for sanctions is necessary to protect their rights. Appellants will have an opportunity to advance their arguments, whether through a direct appeal or cross-appeal, upon resolution of all claims in the underlying case. We therefore discern no need for immediate review.

{¶7}   Similarly, since appellants will have a meaningful or effective remedy through an appeal following a final judgment as to all proceedings, R.C. 2505.02(B)(4) is inapplicable.

3

**{¶8}** Further, even if the order met the elements of R.C. 2505.02(B), it would still, under these circumstances, remain interlocutory. An appellate court may not review an order disposing of fewer than all claims when Civ.R. 54(B) language is necessary. *Kopp v. Associated Estates Realty Corp.*, 10th Dist. Franklin No. 08AP-819, 2009-Ohio-2595, ¶10. *See also VanDyke v. City of Columbus*, 10th Dist. Franklin No. 06AP-1114, 2007-Ohio-2088.

**{¶9}** Civ.R. 54(B) provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶10}** This court has repeatedly held that where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Elia v. Fisherman's Cove*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 6.

**{¶11}** "Rule 54(B)'s general purpose is to accommodate the strong policy against piecemeal litigation with the possible injustice of delayed appeals in special situations." *Noble*, *supra*, at 96, citing *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St. 2d 158, 160 (1977).

4

{¶12} In the instant case, the appealed judgment ruled on appellants' motion for sanctions, but adjudicated fewer than all the claims, and thus the rights and liabilities of fewer than all of the parties have yet to be determined. Further, the entry did not include the requisite language of 54(B).

{¶13} Appellants' contention is that the entry is final as to them. However, although Civ.R. 54(B) contemplates that possibility; it nevertheless states that if claims or parties remain, the order "shall not terminate the action as to any of the claims or parties." In fact, in the absence of the stipulation that there is no just cause for delay, the order appealed from "is subject to revision" or reconsideration by the trial court.

{¶14} Appellants cite the Eighth Appellate District's holding in *Bell v. Franchise World Headquarters*, 8th Dist. Cuyahoga No. 68444, 1995 Ohio App.LEXIS 5285 (Nov. 30, 1995) as authority for the proposition that the denial of a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 is a final appealable order. That case is clearly distinguishable from this matter.

{¶15} In *Bell,* the trial court contemporaneously denied the appealing party's motion for sanctions and dismissed the cause of action. The appellant failed to timely appeal that judgment, and the court in *Bell* determined that the appellant failed to timely invoke its jurisdiction. *Bell* does not stand for the proposition that a motion denying a Civ.R. 11 motion for sanctions is a final appealable order in a vacuum. To the contrary, the procedural posture of that case demonstrates the judgment denying the motion for sanctions was final because the appellant's action was dismissed and, as a result, the interlocutory order merged with the final order dismissing the case.

5

{¶16} In this case, the subject judgment fails to meet the requirements of R.C. 2505.02(B); and, even if it did, there are multiple claims pending against other parties that would necessitate Civ.R. 54(B) language. Without the inclusion of the mandatory Civ.R. 54(B) language, that there is not just reason for delay, no final appealable order exists at this time.

{¶17} Based upon the foregoing analysis, appellees' motions to dismiss are hereby granted, and this appeal is dismissed due to lack of a final appealable order.

{¶18} Appeal dismissed.


DIANE V. GRENDELL, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.