[Cite as *DeGrant v. DeGrant*, 2020-Ohio-4425.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JENNIFER DEGRANT, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-G-0259** |
| MARK DEGRANT, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2015 DC 000999.

Judgment: Appeal dismissed.

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Alan H. Kraus*, 20133 Farnsleigh Road, Second Floor, Shaker Heights, OH 44122 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Pending before this court is defendant-appellee, Mark DeGrant's, Motion to Dismiss Appeal for Lack of Jurisdiction, filed on August 19, 2020. Plaintiff-appellant, Jennifer DeGrant, filed a Brief in Opposition on August 26, 2020.

{¶2} On January 13, 2020, this court issued its decision in *DeGrant v. DeGrant*, 11th Dist. Geauga Nos. 2019-G-0190 and 2019-G-0216, 2020-Ohio-70, reversing the parties' Decree of Divorce, issued on December 31, 2018, with respect to custody of the

minor child and the amount of child support.  This court found that it was error for the trial court to exclude the child's therapist as a witness in the custody hearing and for the court to modify the shared parenting plan submitted by Mark contrary to R.C. 3109.04(D) and that there were errors in the calculation of child support.  This court held: "On remand, the trial court is instructed to reopen the hearing on custody for the limited purpose of allowing Dr. Janet Davis to testify, issue a new custody order complying, if necessary, with R.C. 3109.04(D)(1)(a)(iii), and to recalculate the amount of child support in accordance with this court's disposition of the fifth assignment of error." *Id.* at ¶ 102.

{¶3}  On January 28, 2020, the magistrate set the matter for hearing on the issues of custody and child support on August 21, 2020 (this hearing has been continued).

{¶4}  On July 21, 2020, Mark filed a Submission of Changes to Shared Parenting Plan.

{¶5}  On July 27, 2020, the trial court ruled that Mark's "submissions are in the best interest of the minor child and are incorporated into the Share[d] Parenting Plan as reflected in the Court's December 31, 2018 Order * * *."

{¶6}  On July 28, 2020, Jennifer filed the present appeal from the July 27 Judgment Entry.

{¶7}  Mark contends the July 27 Entry is not a final order because "[a]ll issues pertaining to this court's remand and the motion as to the allocation of parental right[s] and responsibilities, as well as the multitude of other pending motions have not been resolved and are currently set for hearing before the trial court."  Motion to Dismiss at 4.

2

Jennifer counters that the trial court did not designate the adoption of the shared parenting plan as an interim order.

{¶8} We agree with Mark that the July 27 Entry is not a final order despite the failure of the trial court to denote it as temporary or interlocutory. Part of this court's instructions on remand was for the trial court to reopen the hearing on custody to receive further evidence and issue a new custody order. This hearing remains pending and will necessarily result in a new custody order superseding the July 27 Entry. It has been the position of this court that "temporary custody orders are interlocutory in nature and generally not final and appealable." *Welty v. Welty*, 11th Dist. Ashtabula Nos. 2007-A-0013 and 2007-A-0015, 2007-Ohio-5217, ¶ 21, quoting *Keyerleber v. Keyerleber*, 11th Dist. Ashtabula No. 2004-A-0040, 2005-Ohio-60, ¶ 2; *Brooks v. Brooks*, 117 Ohio App.3d 19, 21-22, 689 N.E.2d 987 (10th Dist.1996).

{¶9} Jennifer also counters that the July 27 Entry is a final order inasmuch as it is an order affecting a substantial right made in a special proceeding pursuant to R.C. 2505.02(B)(2). Assuming, arguendo, the July 27 Entry satisfies R.C. 2505.02(B)(2), Mark correctly notes that the Entry does not include the "no just reason for delay" language required by Civil Rule 54(B) for this court to exercise jurisdiction. *Zhong v. Liang*, 8th Dist. Cuyahoga No. 109027, 2020-Ohio-3724, ¶ 18 ("we must follow the Ohio Supreme Court's precedent from *Gen. Acc. Ins. Co.* [*v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 540 N.E.2d 266 (1989)] and apply Civ.R. 54(B) to orders that are otherwise 'final' under R.C. 2505.02(B)(2)"); *Elia v. Fisherman's Cove, Inc.*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 7 ("an order entered [in a special proceeding] that affects a substantial right is a final appealable order as long as the requisite Civ.R.

54(B) determination is made").

{¶10} Additionally, we note that the issue of child support remains pending on remand and that courts have held that a custody determination which leaves the issue of support pending is not final. *Carpenter v. Carpenter*, 12th Dist. Butler No. CA2013-05-083, 2013-Ohio-4980, ¶ 13 ("an order related to custody does not affect a substantial right until there is both an order determining custody and a support order based on that order"); *Brown v. Dean*, 11th Dist. Geauga No. 2015-G-0034, 2016-Ohio-1360, ¶ 21.

{¶11} For the foregoing reasons, Mark's Motion to Dismiss the Appeal for Lack of Jurisdiction is granted, and the present appeal is dismissed.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

4