[Cite as *DeGrant v. DeGrant*, 2021-Ohio-107.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JENNIFER DEGRANT, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2020-G-0267** |
| MARK DEGRANT, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2015 DC 000999.

Judgment: Appeal dismissed.

*Joseph G. Stafford* and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Alan H. Kraus*, 20133 Farnsleigh Road, Second Floor, Shaker Heights, OH 44122 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Pending before this court is defendant-appellee, Mark DeGrant's, Motion to Dismiss Appeal for Lack of Jurisdiction, filed on December 9, 2020. Plaintiff-appellant, Jennifer DeGrant, filed a Brief in Opposition on December 28, 2020.

{¶2} On October 5, 2020, Jennifer filed a Notice of Appeal from a September 4, 2020 Judgment Entry of the Geauga County Court of Common Pleas. The appealed Entry denied Jennifer's Motion for Civil Rule 11 Sanctions arising out of "the conduct and

representations of Defendant's counsel in his July 21, 2020 Submission of Changes to Shared Parenting Plan." The Notice of Appeal identified the probable issue for review as being that "the trial court denied Plaintiff's Motion for Civil Rule 11 Sanctions."

{¶3}   The July 21, 2020 Submission of Changes was adopted by the trial court on July 27, 2020. Jennifer appealed the adoption of the Submission of Changes and this court dismissed the appeal for lack of a final order. *DeGrant v. DeGrant*, 11th Dist. Geauga No. 2020-G-0259, 2020-Ohio-4425, ¶ 8-10 (no final order existed where custody and support issues remained pending and the entry did not contain "no just reason for delay" language).

{¶4}   The Ohio Constitution grants the courts of appeals "such jurisdiction as may be provided by law to review * * * judgments or final orders." Ohio Constitution, Article IV, Section 3(B)(2). "The 'provided by law' part of this constitutional grant is effectuated through the definition of a 'final order' contained in R.C. 2505.02(B)." *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, 151 N.E.3d 574, ¶ 9. "An appellate court can review only final orders, and without a final order, an appellate court has no jurisdiction." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

{¶5}   A final order is defined, in relevant part, as "[a]n order that affects a substantial right made in a special proceeding." R.C. 2505.02(B)(2). Divorce is considered a special proceeding for the purposes of R.C. 2505.02(B)(2). *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6.

{¶6}   Mark argues this court is without jurisdiction because the September 4, 2020 Entry is not a final order. "All issues pertaining to this court's remand and the motion

2

as to the allocation of parental rights and responsibilities, as well as a multitude of other pending motions have not been resolved and are currently set for hearing before the trial court." Motion to Dismiss, at 2. Additionally, it is argued that the Entry does not contain the "no just reason for delay" language required by Civil Rule 54(B) and Jennifer "would be afforded a meaningful or effective remedy by an appeal of the denial for her motion for Civ.R. 11 sanctions following final judgment as to all proceedings, issues, claims, and parties in the action." Motion to Dismiss, at 4.

{¶7} Jennifer responds that the September 4, 2020 Entry "was issued in a special proceeding under Ohio Revised Code Section 2505.02(B)(2) and prejudicially affects the Plaintiff, Jennifer DeGrant's, substantial right to parent the parties' child." Brief in Opposition, at 6. She maintains that counsel for Mark made "improper and misleading statements" in the aforementioned Submission of Changes. The denial of her Motion for Sanctions "affect[ed] Jennifer's substantial right by adopting [these] misrepresentations as fact without a hearing and depriving her of due process." Brief in Opposition, at 5.

{¶8} Upon due consideration, we conclude the September 4, 2020 Entry denying Jennifer's Motion for Sanctions is not a final order. The Entry does not affect her substantial right to parent her child, but rather her right to "expenses and reasonable attorney fees" for a violation of Civil Rule 11. "[T]he mere existence or implication of a substantial right in a case is insufficient to create a final order," rather, "the 'crucial question' is whether the order 'affects a substantial right.'" (Citation omitted.) *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, __ Ohio St.3d __, 2020-Ohio-4409, __ N.E.3d __, ¶ 16. "An order affects a substantial right 'only if an immediate appeal is necessary to protect the right effectively.'" (Citation omitted.) *Id.* The September 4 Entry

3

simply has no direct relevance to the custody issues in the present case. Moreover, an immediate appeal is not necessary to protect any substantial right that might be affected. As noted above, the adoption of Mark's Submission of Changes was not found to be a final order. Jennifer's claim for sanctions may be duly reviewed upon the final determination of the custody and other issues pending in the court below.

{¶9} This court has so held in a similar case involving a motion for sanctions. In *Peck v. Tokar*, 11th Dist. Geauga No. 2016-G-0086, 2016-Ohio-8112, this court stated "we fail to see how an immediate review of the underlying judgment denying appellants' motion for sanctions is necessary to protect their rights" and "discern no need for immediate review." *Id.* at ¶ 6. "Appellants will have an opportunity to advance their arguments, whether through a direct appeal or cross-appeal, upon resolution of all claims in the underlying case." *Id. See also Randall v. Cantwell Mach. Co.*, 10th Dist. Franklin No. 12AP-786, 2013-Ohio-2744, ¶ 19 ("the portion of the trial court's order denying appellant's motion for sanctions was not a final order under R.C. 2505.02(B) because the lack of an immediate appeal does not foreclose appropriate relief in the future and because appellant may still obtain a meaningful remedy through an appeal following final judgment") (cases cited).

{¶10} Lastly, an interlocutory order that affects a substantial right in a special proceeding must contain the "no just cause for delay" language required by Civil Rule 54(B) to be appealable. The September 4 Entry does not contain the required language and, therefore, is not appealable. *DeGrant*, 2020-Ohio-4425, ¶ 9 (cases cited); *Peck* at ¶ 10 ("[t]his court has repeatedly held that where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the

4

claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay'").

{¶11} For the foregoing reasons, Mark's Motion to Dismiss Appeal for Lack of Jurisdiction is granted, and the present appeal is hereby dismissed.


TIMOTHY P. CANNON, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.