[Cite as *Mills v. Mills*, 2022-Ohio-4639.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PAMELA M. MILLS,                            :

    Plaintiff-Appellee/            :
    Cross-Appellant,

                                :            No. 111438

    v.

                                :

PHILLIP W. MILLS,                           :

    Defendant-Appellant/           :
    Cross-Appellee]                :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 22, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-08-319500

---

### *Appearances:*

James P. Reddy, Jr., *for appellee/cross-appellant*.

Zashin & Rich Co., LPA, and Jonathan A. Rich, *for appellant/cross-appellee*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} This is an appeal and cross-appeal of the domestic relations court's ruling on Phillip W. Mills's ("Husband") motion to modify support and Pamela M.

Mills's ("Wife") motion for attorney fees and motion to show cause for nonpayment of support.

{¶ 2} The domestic relations court's journal entry modified the amount of spousal support, found Husband in contempt, and awarded attorney fees to Wife. However, the journal entry does not ascertain a specific dollar amount for spousal support arrearages owed by Husband, orders future action to be taken to determine the amount of those arrearages, and does not provide an amount to be paid or date by which Husband could purge his contempt. For these reasons, we find the journal entry appealed is not a final, appealable order and dismiss the appeal and cross-appeal.

### Summary of Relevant Procedure and Facts

{¶ 3} On October 9, 2019, Husband filed a motion to reduce or eliminate his obligation to pay spousal support. During the course of litigation on Husband's motion, Wife filed a motion for attorney fees and a motion to show cause alleging Husband failed to pay spousal support. A magistrate held a series of hearings and determined Husband was entitled to a reduction in spousal support, but found him in contempt for failing to pay spousal support. The magistrate also awarded attorney fees to Wife. Both Husband and Wife objected to the magistrate's decision.

{¶ 4} On March 29, 2022, the trial court affirmed the magistrate's decision in part and found Husband in contempt, overruling his objection as follows:

> The Court finds that [Husband], pursuant to Court order, was to pay [Wife] $4,000 a month. The Court order was modified on November 12, 2021 and reduced retroactively to August 28, 2020.

> The payment was reduced from $4,000 a month to $1,800 a month. *Therefore, the amount of arrearage is undetermined at this time.* The Court finds that CJFS-OCSS shall calculate the arrearages pursuant to the Magistrate's order of spousal support commencing on the first day of September 1, 2020 through the present, at a rate of $1,800 monthly.
>
> The Court finds that this objection is DISMISSED. [Husband] is in contempt for failure to pay spousal support. His one payment shall be credited to him against the arrearages. The Court finds that CJFS-OCSS shall calculate the arrearages pursuant to the Magistrate's order.

(Emphasis added.) Having overruled Husband's objection to the finding of contempt, the trial court sustained Husband's objection to the Magistrate's order providing the ability to purge the finding of contempt as follows:

> The Court SUSTAINS this objection, but not for the reasons presented by the Defendant. *The Court finds the Magistrate's Decision shall order CJFS-OCSS to calculate arrearages, and the Defendant shall have forty-five (45) days from being notified of the arrearage amount by CJFS-OCSS to pay his spousal support arrearages in full.*

(Emphasis added.)

{¶ 5} Husband appealed the trial court's journal entry. Wife filed a cross-appeal. In the appeal and cross-appeal, the parties raise several assignments of error and both assign as error the trial court's modification of the monthly amount of spousal support to be paid by Husband.

{¶ 6} On August 31, 2022, this court, sua sponte, ordered the parties to submit briefing. In our order, we noted:

> The trial court's order does not set forth a definite amount of support arrearage or a definite amount that appellant must pay in order to purge the order of contempt. Instead, the entry leaves these calculations to a support enforcement agency to be made in the future.

{¶ 7} Wife argues that the trial court's order is a final, appealable order because the amount of the spousal support arrearage is calculable from the order itself, but supplies no authority to support her contention. Husband argues that the journal entry was not a final, appealable order for several reasons, including that the trial court's entry lacked a definite amount due for the arrearages.

**The Journal Entry Appealed Is Not a Final, Appealable Order**

{¶ 8} In *Safranek v. Safranek,* 8th Dist. Cuyahoga No. 66635, 1995 Ohio App. LEXIS 341, 6 (Feb. 2, 1995), this court dismissed the appeal from an award of spousal support, finding:

> The record contains no documentation of any arrearages. Absent a specific amount, if any, of possible arrearages owed by the husband, the trial court's journal entry did not dispose of the wife's motion to show cause. Consequently, we do not have a final order. See *Smith v. Smith* (June 3, 1988), Clark App. No 84-CV-899 (trial court's order as to child support lacked a specific amount and simply ordered information necessary to the establishment of a specific amount of support).

*Id.* at 6. More recently, in *Branden v. Branden*, 8th Dist. Cuyahoga No. 101825, motion No. 482405 (Feb. 3, 2015), this court dismissed an appeal for lack of a final, appealable order pursuant to R.C. 2505.02 where the trial court ordered the total arrearages for spousal support to be determined at a later date. We found that "[a]bsent a specific amount, the trial court did not resolve the matter, and there is no final, appealable order." *Id.*, citing *Safranek* and *Garvin v. Garvin*, 4th Dist. Jackson No. 02CA23, 2004-Ohio-3626. Further, an award in which the dollar amount is to be later determined is not a final, appealable order because it is merely

a determination of liability, not a judgment. *Brightman v. Brightman*, 8th Dist. Cuyahoga No. 79246, 2002-Ohio-829, ¶ 29 (dismissing appeal of an award of attorney fees where no dollar amount was specified).

{¶ 9} This court has not been alone in finding that a journal entry awarding an undetermined amount of support is not a final, appealable order. In *Carpenter v. Carpenter*, the Twelfth District Court of Appeals found that a custody order that does not include a definite amount of support due is not a final, appealable order. It reviewed the holdings of several appellate courts, noting:

> This court has joined with many of our sister appellate Districts in holding that, "where the amount of child support is ambiguous, or left to be calculated at a later date, there is not a final appealable order because the order contemplates further action by the trial court." *In re B.H.S.*, 12th Dist. Butler No. CA2009-05-129, 2010-Ohio-2706, ¶ 11, quoting *Coleman v. Vickers*, 4th Dist. Vinton No. 480, 1993 Ohio App. LEXIS 2132, 1993 WL 120657, *1 (Apr. 20, 1993). Similarly, the Eighth District has held that an order was not final when child custody was determined but calculation of child support was deferred to a later date. *In re Burke*, 8th Dist. Cuyahoga Nos. 78982, 79414, 2002 Ohio App. LEXIS 189, 2002 WL 102960, *2 (Jan 24, 2002). See *Robinson v. Robinson*, 9th Dist. Summit No. 21440, 2003-Ohio-5049, ¶ 6 ("[w]hen a trial court grants a monetary award that is left unresolved, a final appealable order does not exist"). See also *Michael v. Michael*, 12th Dist. Preble No. CA99-05-12, 1999 Ohio App. LEXIS 5925 (Dec. 13, 1999) (noting that a custody decision was not a final appealable order when the issues of visitation of child support were not determined). We note that while some of these cases determined that the order was not final under R.C. 2505.02(B)(1), an analysis under R.C. 2505.02(B)(2) is more appropriate.

12th Dist. Butler No. CA2013-05-083, 2013-Ohio-4980, ¶ 11.

{¶ 10} In addition to finding that an entry that does not specify the amount of support or determine the amount of arrearages is not a final, appealable order,

courts have also found that a judgment that contemplates the taking of future action is not a final, appealable order. *Robinson v. Robinson*, 9th Dist. Summit No. 21440, 2003-Ohio-5049, ¶ 7 (order referring matter to agency to calculate spousal support arrearages is not final, appealable order); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501-502, 617 N.E.2d 701 (4th Dist.1992) ("The judgment entered by the court below clearly contemplated further action with respect to this case, and, therefore, it did not fully determine the modification proceeding."), *Smith v. Smith,* 2d Dist. Clark No. CA 2433, 1988 Ohio App. LEXIS 2120, 5-6 *(*June 3, 1988*)* ("From an appellate review standpoint, the court's order as to child support lacks finality. No specific amount was ordered. What was ordered was information necessary to the establishment of a specific amount of support after consideration of the R.C. 3109.05(A) factors.").

{¶ 11} Further, in the context of a contempt order, when an amount is not specified, no sanction has been determined and the finding is not a final, appealable order. *EMC Mtge. Corp. v. Pratt*, 10th Dist. Franklin No. 07AP-214, 2007-Ohio-4669, ¶ 5 ("As the trial court had yet to rule on any sanctions, such order was not final or appealable.").

{¶ 12} The journal entry appealed in this case did not include a definite amount of spousal support arrearages; the trial court specifically found that amount to be "undetermined." Further, within the entry, the trial court ordered that future action be taken to determine the amount of spousal support arrearages. That future calculation further served in the journal entry to define the sanction in contempt

and provide the time from which Husband could purge his contempt. As a result, Husband was not given a sanction for his contempt, was not given an amount he could pay to purge the contempt, nor was he given a date certain before which he could purge the contempt.

{¶ 13} Appeal and cross-appeal dismissed.

It is ordered that appellant/cross-appellee and appellee/cross-appellant share costs.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR