[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 78.]

THE STATE EX REL. SCRUGGS, APPELLANT, *v.* SADLER, JUDGE, APPELLEE, ET AL.

[Cite as *State ex rel. Scruggs v. Sadler*, 2002-Ohio-5315.]

*Civil procedure—Civ.R. 54(B) applies in determining appealability to Supreme Court of orders in original actions entered by court of appeals—Appeal of court of appeals' order in mandamus action dismissed for lack of a final appealable order.*

(No. 2002-0729—Submitted August 27, 2002—Decided October 16, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-408.

_____

**Per Curiam.**

{¶1} In April 2001, appellant, Leo E. Scruggs, filed a complaint in the Court of Appeals for Franklin County. In his complaint, as subsequently amended, Scruggs requested a writ of mandamus to compel appellee, Franklin County Court of Common Pleas Judge Lisa L. Sadler, and Franklin County Municipal Court Judge Michael T. Brandt to comply with Crim.R. 41(D) by providing a copy of an inventory of items taken from Scruggs's premises during execution of a search warrant or to enter a finding that such an inventory does not exist. Judge Sadler filed a motion to dismiss, and Judge Brandt filed an answer and a motion for judgment on the pleadings.

{¶2} On March 19, 2002, the court of appeals granted Judge Sadler's motion to dismiss her as a respondent, denied Judge Brandt's motion for judgment on the pleadings, and returned the cause to the court magistrate for further proceedings. In its journal entry, the court of appeals did not make an express determination of no just reason for delay.

**{¶3}** This cause is now before the court upon Scruggs's appeal from the March 19, 2002 order. We subsequently ordered that this appeal would proceed as an appeal as of right. *State ex rel. Scruggs v. Sadler*, 95 Ohio St.3d 1445, 2002-Ohio-2201, 767 N.E.2d 732.

**{¶4}** Under Section 2(B)(2)(a)(i), Article IV of the Ohio Constitution, cases originating in courts of appeals may be appealed to this court as a matter of right. R.C. 2505.03, however, limits the appellate jurisdiction of courts, including the Supreme Court, to the review of final orders, judgments, or decrees. This jurisdictional issue cannot be waived and may be raised by this court sua sponte. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728; see, also, *State ex rel. Bond v. Velotta Co.* (2001), 91 Ohio St.3d 418, 419, 746 N.E.2d 1071.

**{¶5}** An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. "Civ.R. 54(B) applies in determining the appealability to the Supreme Court of orders in original actions, such as mandamus, entered by a court of appeals." *Wright*, 75 Ohio St.3d at 85, 661 N.E.2d 728.

**{¶6}** Civ.R. 54(B) requires that a court make an express determination that there is no just reason for delay in order to make appealable an order adjudicating fewer than all the claims or the rights of fewer than all the parties:

**{¶7}** "When more than one claim for relief is presented in an action * * * or *when multiple parties are involved*, the court may enter final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as*

2

*to any of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

{¶8} Civ.R. 54(B) must be followed when a case involves multiple claims or multiple parties. *State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 56, 671 N.E.2d 13. This case involved multiple respondents: Judge Sadler and Judge Brandt. The court of appeals' March 19, 2002 order dismissed Scruggs's mandamus claim against Judge Sadler, but it did not dismiss Scruggs's mandamus claim against Judge Brandt. Because the court of appeals did not make an express determination of no just reason for delay, its March 19, 2002 order is not final and appealable. Id. at 56-57, 671 N.E.2d 13.

{¶9} Based on the foregoing, we dismiss this appeal for lack of a final appealable order.

Appeal dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Leo E. Scruggs, pro se.

_____