OPINION
{¶ 1} Appellant Alvin J. Weisberg was appointed conservator over the estate and person of Aaron Dimont on July 5, 1995. On May 30, 2002, Appellant filed a Motion for Approval of Fees for his duties as conservator. This motion for fees was denied by the probate court after it discovered that Appellant never filed an accounting of the conservatorship. Appellant is now challenging two subsequent court orders denying his motion for fees. The record reveals that Appellant failed to file an appeal of the initial judgment entry denying his fees and that the two subsequent judgment entries are not ripe for review. We hereby dismiss the appeal because the earlier final appealable order was not timely appealed and the subsequent orders are not yet appealable.
 {¶ 2} Appellant received his Letters of Conservatorship on July 19, 1995. He was given the power as conservator over the estate and person of Aaron Dimont. He was required to manage the assets of Mr. Dimont and to provide, "timely accountings and such other duties as devolve upon the conservator, whether required by law or further court orders." (7/19/95 Letters of Conservatorship.)
 {¶ 3} On September 14, 1995, Appellant filed an inventory of the assets under his control, which amounted to a total of $210,701.94.
 {¶ 4} On September 27, 1995, the probate court ordered all funds of the conservatorship to be placed, "in restricted payment accounts from which withdrawals can only be made upon order of this Court." (9/27/95 Order.)
 {¶ 5} On January 10 and July 2, 1996, Appellant filed motions so that certain expenses could be paid, including recurring monthly expenses. The court authorized these payments.
 {¶ 6} On January 22, 1996, the court ordered Appellant to place all of Mr. Dimont's savings accounts into one restricted account.
 {¶ 7} On August 12, 1997, Appellant filed a Motion for Extension of Time to file an account. The court granted him an extension until September 11, 1997. (8/12/97 Order.) Appellant filed for another extension on September 15, 1997, which was granted until October 15, 1997. No accounting was filed.
 {¶ 8} On May 30, 2002, Appellant filed a motion to terminate the conservatorship due to the death of Mr. Dimont on March 29, 2001. He also requested conservatorship fees of $11,090.50. A hearing was held before a magistrate on July 18, 2002, and continued to August 22, 2002. On August 22, 2002, the magistrate recommended that the fees be awarded.
 {¶ 9} On August 30, 2002, the probate judge overruled the magistrate's decision and ordered that no fees be allowed. The court also ordered that a citation be delivered to Appellant due to the delinquent account. The probate court ordered Appellant to provide a full accounting on or before the hearing date for the citation. Appellant did not file an appeal of the August 30, 2002, judgment entry.
 {¶ 10} The Citation Upon Delinquent Account was filed on September 4, 2002, and a hearing was set for October 3, 2002. Appellant was notified that any failure to comply with the citation could result in immediate sanctions, including fines, disallowance of fees, and contempt findings.
 {¶ 11} On October 3, 2002, the magistrate filed a decision rejecting Appellant's attempt to file a partial account and giving him seven days to submit a final account. On October 4, 2002, the probate judge rejected the magistrate's findings and ordered Appellant to be immediately summoned, with all records, before another magistrate. The court denied all fees and commissions, and fined Appellant $100 along with $25 in court costs.
 {¶ 12} Another magistrate's hearing was held on October 24, 2002. The magistrate found that Appellant relied on his attorney to file all necessary accounts, and that the attorney, Solomon Malkoff, was on vacation in Italy. The magistrate found that Appellant had brought all required receipts with him to the hearing, and that a different attorney, James B. Dietz, was making an appearance in the case. The magistrate recommended that Attorney Malkoff be removed and that Attorney Dietz be permitted to file an account within fourteen days. The trial court adopted these findings and recommendations, and remanded the matter back to the magistrate. The court indicated once again that Appellant was fined $100 with $25 in court costs.
 {¶ 13} On November 4, 2002, Appellant filed an appeal of both the October 4 and October 25, 2002, Judgment Entries. Appellant filed a brief on April 21, 2003. As there is no obvious Appellee in this case, no Appellee's brief has been filed.
 {¶ 14} Before investigating Appellant's argument on appeal, there are two initial issues. First, we admonish Appellant's counsel about the need for further extensions to file a brief in this appeal. This Court had already set an absolute deadline of March 24, 2003, to file briefs or to dismiss the appeal for want of prosecution. (See this Court's 2/25/2003 J.E.) There had been absolutely no activity in this appeal from the time the Notice of Appeal was filed on November 4, 2002, until our Journal Entry of February 25, 2003, wherein we warned that we would dismiss the case if no brief was filed.
 {¶ 15} On March 14, 2003, Appellant's counsel filed a Motion for Extension of Time, stating that, "due to the complexity of the issues on appeal, counsel states that more time is needed to prepare Appellant's Assignments of Error[.]"
 {¶ 16} Based on this representation, on March 21, 2003, this Court granted Appellant's counsel yet another extension until April 21, 2003. Appellant's counsel filed a brief on April 21, 2003. The brief cites two cases, one of which is cited merely for general language defining "abuse of discretion." The brief does not analyze any complex issue, but consists merely of a plea to allow Appellant to receive at least some fees as conservator. Appellant's counsel did not address or even allude to any complex issues, and the brief that was filed did not justify the extraordinary extension granted by this Court.
 {¶ 17} Second, we must raise, sua sponte, whether this case presents a final and appealable order for our review. There are three possible orders that Appellant seems to be challenging, issued on August 30, 2002, October 4, 2002, and October 25, 2002.
 {¶ 18} Section 3(B)(2), Article IV of the Ohio Constitution governs the limited subject matter jurisdiction of Ohio appellate courts, specifically providing in part: "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."
 {¶ 19} If an order is not a final appealable order, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78,776 N.E.2d 101, 2002-Ohio-5315, ¶ 4. Moreover, in the event that this jurisdictional issue is not raised by the parties involved with the appeal, this Court is required to raise it on its own motion.Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.
 {¶ 20} Although there is little caselaw dealing with the appealability of orders issued as part of a conservatorship, it would appear that most final orders issued in a conservatorship case are appealable under R.C. 2505.02(B)(2):
 {¶ 21} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 22} "* * *
 {¶ 23} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;"
 {¶ 24} A "special proceeding" is defined as, "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Conservatorships are established by statute and do not appear to have existed prior to 1853. Therefore, final orders issued in conservatorship proceedings are immediately appealable.
 {¶ 25} Failure to file an appeal of a final and appealable order constitutes a waiver of any claims of error in the judgment entry. Keyv. Mitchell (1998), 81 Ohio St.3d 89, 90, 689 N.E.2d 548. This Court recently held, in In re Conservatorship of Ahmed, 7th Dist. Nos. 01 BA 13 and 01 BA 48, 2003-Ohio-3272, decided on June 16, 2003, that issues dealing with the establishment of a conservatorship, the termination of a conservatorship, or the allowance of fees in a conservatorship are waived if the final orders resolving those issues are not immediately appealed. The primary issue in the instant case is the disallowance of conservatorship fees. The Ahmed holding is directly on point with the instant case.
 {¶ 26} The probate court filed a Judgment Entry on August 30, 2002, overruling a prior magistrate's decision granting Appellant his fees and specifically denying Appellant a right to any fees:
 {¶ 27} "IT IS FURTHER ORDERED, ADJUDGED and DECREED that Alvin Weisberg, as Conservator, and Attorney Solomon Malkoff, as Counsel of Record for the instant Conservatorship are hereby presently DENIED any fees or other compensation for any services related to the instant Conservatorship and, further, that they shall immediately be cited upon a delinquent account and ordered to file a full accounting of the administration of this Conservatorship * * *." (Emphasis in original.)
 {¶ 28} Appellant did not file an appeal of the August 30, 2002, judgment. This judgment entry resolved all issues dealing with Appellant's fee request up to that point and is certainly written in the form of a final order. Appellant had thirty days, according to App.R. 4(A), to file an appeal of the final judgment. He did not file an appeal, and all alleged errors with respect to the August 30, 2002, judgment entry are waived, including any error in the denial of all of his conservatorship fees from the beginning of conservatorship until August 30, 2002.
 {¶ 29} Appellant did file an appeal of two later judgment entries that also denied Appellant any additional conservatorship fees and imposed a fine of $100 and court costs of $25. (10/4/02 J.E.; 10/25/02 J.E.) These judgment entries arose during the litigation of the citation filed by the probate court against Appellant. It is apparent that the October 4, 2002, order is not a final order because the matter was referred back to the magistrate for further proceedings.
 {¶ 30} The October 25, 2002, judgment entry also does not qualify as a final order because the judgment entry did not fully resolve the issues raised in the September 4, 2002, Citation. The October 25, 2002, order states:
 {¶ 31} "The magistrate shall insure compliance with the citation and a full accounting within 14 days. The magistrate shall report further. Attorney S. Malkoff ORDERED removed. Attorney James B. Dietz shall be substituted as Counsel of Record. No continuances."
 {¶ 32} These orders indicate that the citation proceedings were to continue before the magistrate and would be subject to further review by the probate judge. The language that the probate judge used in the October 25, 2002, is not the same language of finality used in the August 30, 2002, judgment, and indicates that the terms of the October 25, 2002, judgment might be changed upon further review. Therefore, we must conclude that the October 25, 2002, judgment entry does not present a final order and is not appealable under R.C. 2505.02(B)(2).
 {¶ 33} Given that Appellant failed to properly appeal the August 30, 2002, judgment, and that the later judgment entries are not yet appealable, we have no jurisdiction to hear this matter. For these reasons, we hereby dismiss this appeal.
Donofrio and DeGenaro, JJ., concur.