DECISION
{¶ 1} Appellant, Dawn Yoder, appeals from the May 19, 2005 decision and entry of the Franklin County Court of Common Pleas granting appellee Nationwide Mutual Fire Insurance Company's motion for summary judgment. For the reasons that follow, we dismiss the appeal for lack of a final appealable order.
 {¶ 2} On January 30, 2004, appellant filed a complaint in the Franklin County Court of Common Pleas against Ernest Thorpe and Nationwide Mutual Fire Insurance Company ("Nationwide"). The complaint alleged Thorpe negligently operated a motor vehicle and injured Yoder as a result. The complaint further alleged that Nationwide wrongfully denied Yoder uninsured motorist coverage for the injuries she sustained. Both Thorpe and Nationwide filed answers denying any wrongdoing.
 {¶ 3} On October 11, 2004, Nationwide moved the trial court for summary judgment on the uninsured motorist claims. The trial court granted the motion on May 19, 2005. The court found that no material issues of fact remained and that Nationwide was entitled to summary judgment. Yoder now appeals the trial court's decision granting summary judgment in favor of Nationwide.
 {¶ 4} The jurisdiction of all courts of appeals in this state is specifically defined by the Ohio Constitution. Section 3(B)(2) provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." The Ohio Supreme Court has held that "[a]n order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02." Denham v. New Carlisle (1999),86 Ohio St.3d 594, 596; see, also, State ex rel. Scruggs v. Sadler (2002),97 Ohio St.3d 78, 79.
 {¶ 5} Civ.R. 54(B) provides:
When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Therefore, under Civ.R. 54(B), if a trial court grants summary judgment on less than all of the claims in the case and does not include the "no just reason" language, the judgment is not yet final and appealable. State ex rel. Miller v. Club LaRouge
(June 28, 1990), Franklin App. No. 89AP-1323.
 {¶ 6} In the case now before us, the decision granting summary judgment addressed only Yoder's claims against Nationwide. Yoder's claims against Thorpe were not addressed and are still pending. Therefore, in order for the May 19, 2005 decision to qualify as a final appealable order, the language "no just reason for delay" must appear in the decision. A review of the document indicates the required language is missing.[1]
The May 19, 2005 decision does not satisfy the requirements of Civ.R. 54(B) and is still "subject to revision." As such, the decision is not a final order and appeal at this time is premature.
 {¶ 7} Appellant argues that the May 19, 2005 decision is a final appealable order because it affects a substantial right as detailed in R.C. 2505.02(B). While appellant may be correct, a decision must satisfy the requirements of both R.C. 2505.02 and Civ.R. 54(B). Since the requirements of Civ.R. 54(B) have not been met, there is no need to delve into the requirements of R.C.2505.02 at this time.
 {¶ 8} The May 19, 2005 decision granting summary judgment in favor of Nationwide is not a final appealable order. We therefore lack jurisdiction to hear this appeal and the matter is accordingly dismissed.
Appeal dismissed.
Sadler and McGrath, JJ., concur.
[1] The trial court has a practice of indicating on the front of a decision or entry when something is final and appealable. While not statutorily required or necessarily relevant, the May 19, 2005 decision was not stamped "final appealable order." This fact further indicates that the trial court did not consider the decision to be a final appealable order.