DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Maria Scalia, appeals from three orders of the Summit County Court of Common Pleas, granting summary judgment to Aldi, Inc. on three tort claims. This Court dismisses the appeal for lack of jurisdiction.
 I. {¶ 2} On December 27, 2004, Ms. Scalia sustained a work-related injury while employed at an Aldi's grocery store. She applied for worker's compensation benefits and began receiving temporary total disability compensation. On April 7, 2006, her benefits were terminated by the Industrial Commission of Ohio after it determined that she had reached maximum medical improvement. Ms. Scalia claims she then attempted to return to work. On April 20, 2006, Aldi notified Ms. Scalia that it was terminating her employment.
 {¶ 3} In Ms. Scalia's original complaint, filed on July 5, 2007, she asserted claims for retaliatory discharge in violation of R.C. 4123.90
and for wrongful discharge in violation of *Page 2 
public policy. Thereafter, Ms. Scalia amended her complaint to include a claim asserting illegal discrimination in violation of R.C. 4112.02 and also sought a declaratory judgment that R.C. 2315.21 is unconstitutional.
 {¶ 4} On July 23, 2007, the trial court granted summary judgment to Aldi on the retaliation claim, and denied the parties' respective motions for summary judgment on the public policy claim. Subsequently, both parties sought reconsideration of the ruling on the public policy claim based on the intervening Ohio Supreme Court decision inBickers v. W. S. Life Ins. Co., 116 Ohio St.3d 351, 2007-Ohio-6751. In its order of April 24, 2008, the trial court granted Aldi's request for reconsideration and granted summary judgment on the public policy claim to Aldi. At the same time, the trial court denied Aldi's separate request to dismiss Ms. Scalia's discrimination claim. Thereafter, on August 8, 2008, the trial court granted Aldi's motion for summary judgment on Ms. Scalia's discrimination claim. Ms. Scalia appeals from these three orders of the trial court and assigns four errors for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN ITS JULY 23, 2008 ORDER BY GRANTING APPELLEE'S MOTION [FOR] SUMMARY JUDGMENT ON APPELLANT'S CLAIM FOR RETALIATION IN VIOLATION OF OHIO REVISED CODE § 4123.90."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN ITS APRIL 24, 2008 ORDER BY DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF THE TRIAL COURT'S RULING ON APPELLANT'S RETALIATION CLAIM FOLLOWING THE OHIO SUPREME COURT'S ANNOUNCEMENT OF ITS DECISION IN BICKERS v. W. S LIFE INS, CO., 116 OHIO ST.3d 351, 2007-OHIO-6751. *Page 3 
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN ITS AUGUST 8, 2008 ORDER BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S DISABILITY DISCRIMINATION CLAIM."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED IN ITS APRIL 24, 2008 ORDER BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF THE OHIO PUBLIC POLICY EMBODIED IN OHIO REVISED CODE §§ 4123.90 AND 4123.56."
 {¶ 5} Ms. Scalia argues that the trial court erred in granting summary judgment to Aldi on the retaliation claim and then denying her related motion for reconsideration, in granting summary judgment to Aldi on the disability discrimination claim, and in granting summary judgment to Aldi on the wrongful discharge claim. This Court finds that it is without jurisdiction to address the merits of Ms. Scalia's contentions.
 {¶ 6} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied.State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315, at ¶ 5; see, also, Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities v.Professionals Guild of Ohio (1989), 46 Ohio St.3d 147, 153. *Page 4 
 {¶ 7} Additionally, if the case involves multiple parties or multiple claims, as does this case, the court's order must meet the requirements of Civ. R. 54(B) to qualify as a final, appealable order.Scruggs, at ¶ 8. Under Civ. R. 54(B), when more than one claim for relief is presented in an action, the court may enter final judgment as to fewer than all of the claims "only upon an express determination that there is no just reason for delay." Civ. R. 54(B). Absent such a determination, any order which adjudicates fewer than all the claims, "shall not terminate the action as to any of the claims[.]" Civ. R. 54(B). Without the inclusion of this mandatory language, an order that does not dispose of all the claims is subject to modification and is not final and appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92, 96.
 {¶ 8} This case presented multiple claims. Ms. Scalia set forth three tort claims and a request for declaratory judgment. The trial court entered judgment on the three tort claims, but did not rule on Ms. Scalia's request for declaratory judgment on the constitutionality of R.C. 2315.21. Indeed, in denying Aldi's motion to dismiss Ms. Scalia's second amended complaint which encompassed a claim for disability discrimination and another count seeking declaratory judgment, the trial court specifically noted that "Aldi has not advanced any argument as to Count Four, challenging the constitutionality of R.C. 2315.21." As a result, the trial court did not address that count and the court further indicated that the matter would proceed upon the two remaining counts. Thereafter, the trial court granted summary judgment to Aldi on the disability discrimination claim; however, no ruling was forthcoming on the count seeking declaratory judgment of the constitutionality of R.C. 2315.21. Upon this record, we cannot presume resolution of the outstanding claim, and we also cannot conclude that the request for declaratory judgment is moot. *Page 5 
 {¶ 9} Further, we recognize that the trial court concluded its third order, which was journalized on August 8, 2008, with the statement: "This constitutes a final, appealable order." The trial court's use of these words, however, is without significance and does not render an order final.
 {¶ 10} Accordingly, this Court is without jurisdiction to review the merits of Ms. Scalia's assigned errors. The appeal is dismissed for lack of a final appealable order.
 III. {¶ 11} This Court lacks jurisdiction to consider Ms. Scalia's four assignments of error. This appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, P. J. DICKINSON, J. CONCUR. *Page 1