[Cite as *Smith v. Ironwood at Shaker Run Condominium Owners' Assn., Inc.*, 2021-Ohio-346.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TERRI EGELSTON SMITH, et al., | : | |
| Appellees, | : | CASE NO. CA2020-08-051 |
| | : | O P I N I O N |
| - vs - | | 2/8/2021 |
| | : | |
| IRONWOOD AT SHAKER RUN CONDOMINIUM OWNERS' ASSOCIATION, INC., et al., | : | |
| | : | |
| Appellants. | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CV91902

Young, Reverman & Mazzei Co., LPA, Bradford C. Weber, 1243 West 8th Street, Suite 2000, Cincinnati, Ohio 45203, for appellee

John K. Benintendi, P.O. Box 145496, Cincinnati, Ohio 45250, for appellant

**BYRNE, J.**

{¶ 1} Defendants-appellants, Ironwood at Shaker Run Condominium Owners' Association, Inc., Towne Properties Asset Management Company, and Towne Properties Assets Management Company, Ltd. (collectively "Ironwood"), appeal from (1) the Warren County Court of Common Pleas' Decision and Entry Denying Defendants' Motions for Summary Judgment, entered on May 7, 2019, and (2) the court's Final Judgment Entry,

entered on August 21, 2020. After a bench trial, the court found in favor of plaintiffs-appellees, Terri Egelston Smith ("Terri") and Douglas V. Smith ("Douglas"), on their negligence claim. Because we find that the trial court has not resolved all of the Smiths' pending claims, we dismiss the appeal for lack of a final appealable order and remand for further proceedings.

**Facts and Procedural History**

{¶ 2} In the early morning hours of January 19, 2015, Terri left her condominium located in the Ironwood at Shaker Run community and walked towards her vehicle, which was parked across a roadway in the condominium parking lot. It was dark out and the roadway was unlit. Approximately halfway across the roadway, Terri slipped on ice and fell, suffering significant injuries.

{¶ 3} In 2019, the Smiths filed suit against the Ironwood defendants, which include the Smiths' condominium owners' association and the property management company.[1] The Smiths brought two claims. First, the Smiths asserted a claim of negligence. They alleged that the ice Terri slipped on was an unnatural accumulation of ice, that Ironwood owed Terri a duty of care to warn her of the dangerous condition, and that Ironwood had failed to reasonably maintain the premises as to avoid a risk of harm to Terri. They alleged that Ironwood's negligence caused Terri's injuries and Douglas' loss of consortium. Second, the Smiths asserted a claim for breach of contract. They alleged that Ironwood had contracted "to perform certain duties and responsibilities, regarding conduct in response to ice and snow" through their "own rules and, regulations and contracts." The Smiths alleged that Ironwood's breach of its contract resulted in Terri's injuries.

{¶ 4} Ironwood moved for summary judgment, arguing that it owed the Smiths no

---

1 The case was originally filed in 2017, dismissed by the Smiths without prejudice, and timely refiled.

duty of care because there was no evidence that the ice was an unnatural accumulation, that Ironwood lacked superior knowledge of the ice accumulation, and that the Smiths' claims were barred by the open and obvious doctrine. Ironwood also moved for summary judgment on the breach of contract claim, arguing that the Smiths failed to attach any contract to the complaint and failed to present any evidence that Ironwood assumed a contractual duty to remove ice or salt from the parking lot.

{¶ 5} The trial court denied Ironwood's motion, concluding that genuine issues of material fact existed to preclude summary judgment as to the Smiths' negligence claim. With regard to the breach of contract claim, the court stated that "no argument was put forward as to Plaintiffs' cause of action for breach of contract * * * therefore, this Court cannot grant summary judgment as to the breach of contract claim whatsoever." Ironwood later moved the court to reconsider its summary judgment decision and, among other arguments, pointed out that Ironwood had in fact included an argument regarding the breach of contract claim in Ironwood's summary judgment briefing. In denying the motion for reconsideration, the trial court wrote, "[i]nasmuch as any party raised the breach of contract claim in their motions for summary judgment, the Court finds those arguments not well taken." Thus, the breach of contract claim remained pending before the trial court after the conclusion of the summary judgment stage.[2]

{¶ 6} Prior to trial, the parties filed a damages stipulation. The parties stipulated that Ironwood would pay $75,000 if Ironwood was found liable on the negligence claim, or Ironwood's pro rata portion of $75,000 if Terri was found to be contributorily negligent. The stipulation provided that the "trial will be a jury trial on the sole issue of negligence * * *," but

---

2. A fourth defendant, Fischer Attached Homes II, L.L.C., also filed a motion for summary judgment. Fischer's motion was denied. The Smiths voluntarily dismissed their claims against Fischer before trial, and Fischer is not involved in this appeal.

failed to explain why the breach of contract claim would not also be addressed at trial. The stipulation simply ignored the breach of contract claim.

{¶ 7} Despite the stipulation's omission of any reference to the breach of contract claim, the Smiths took no steps to formally dismiss or otherwise disavow that claim. To the contrary, in their pretrial statement the Smiths reiterated that they intended to try *both* the negligence claim *and* the breach of contract claim. Specifically, the Smiths stated that "[they] contend that [Ironwood] also breached a contractual duty with respect to snow and ice treatment, pursuant to the Ironwood at Shaker Run Condominium Owners Association Inc. Resident Handbook." They also briefly explained their theory that Ironwood violated this alleged contract by failing to use sand to provide traction in icy conditions.

{¶ 8} Nor did Ironwood forget the pending breach of contract claim. In Ironwood's pretrial statement, Ironwood noted that "[i]t is also alleged Ironwood breached their contract by failing to remove ice and snow in accordance with their duties and responsibilities." Thus, shortly before trial both parties acknowledged that the breach of contract claim remained pending before the court.

{¶ 9} The parties waived jury trial and proceeded to a bench trial. We need not summarize the trial testimony at this time, except to note that the Smiths introduced a copy of the "Ironwood at Shaker Run Condominium Owners Association Inc. Resident Handbook." Terri testified about receiving the handbook and said that it was her understanding that the homeowner's association was responsible, pursuant to the handbook, for treating the driveways and parking areas in the community for snow and ice.

{¶ 10} During closing arguments, both parties' counsel extensively debated the merits of the Smiths' negligence claim, with their arguments focusing on whether the ice was a natural or unnatural accumulation and whether the ice accumulation was an open and obvious danger. The Smiths' counsel also referenced the breach of contract claim,

arguing that "[D]efendants admit they had a duty to keep the premises safe and they undertook a duty by contract to do that, based on the handbook."

{¶ 11} Ultimately, the trial court issued its Final Judgment Entry in which it analyzed arguments and cited case law regarding negligence and found Ironwood liable to the Smiths for negligence. The court determined Ironwood had notice that the ice accumulation – which it found to be a natural accumulation – was substantially more dangerous than Terri or another condominium owner would associate with ice. The court found for the Smiths and entered judgment for $75,000, the amount the damages stipulation contemplated Ironwood would owe to Smith if Ironwood was found liable on the Smiths' negligence claim. Other than one brief acknowledgment in the Final Judgment Entry that the Smiths "filed suit against [Ironwood] for negligence and breach of contract," the entry did not analyze or resolve the breach of contract claim, nor award damages with respect to that claim. In discussing the relevant facts, the trial court omitted reference to the handbook that the Smiths introduced at trial and had indicated was the basis of their breach of contract claim. Despite only resolving the negligence claim, the entry did not contain Civ.R. 54(B) language stating that there was "no just reason for delay." Ironwood appealed.

**The Appeal**

{¶ 12} Ironwood brings four assignments of error. Ironwood's first assignment of error concerns the trial court's denial of its motion for summary judgment. Both parties argued why they believe the court did or did not err when it denied Ironwood's motion for summary judgment – including arguments regarding the breach of contract claim. But with regard to Ironwood's three remaining assignments of error, which all pertain to putative errors in the trial court's Final Judgment Entry, the parties only addressed arguments regarding the negligence claim, and made no substantive references to the breach of contract claim. At oral argument, Ironwood's counsel suggested that the breach of contract

claim became moot upon the trial court's decision in favor of the Smiths on the negligence claim.

{¶ 13} Because it presents a jurisdictional issue, we must address the effect of the yet unresolved breach of contract claim.

{¶ 14} Appellate courts have jurisdiction over judgments or final orders of inferior courts within their district. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03(A). If an order is not final and appealable, then the appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Carpenter v. Carpenter*, 12th Dist. Butler No. CA2013-05-083, 2013-Ohio-4980, ¶ 8. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5.

{¶ 15} R.C. 2505.02 provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment* * *." R.C. 2505.02(B)(1). After thorough consideration, we find that the trial court's Final Judgment Entry is not a final appealable order under R.C. 2505.02. The trial court only decided the Smiths' negligence claim. Though the entry briefly referred to the Smiths' breach of contract claim, there is no indication that the breach of contract claim was addressed or resolved in any way. Therefore, the trial court's decision did not prevent a judgment in favor of or against the Smiths with regard to the breach of contract claim and it remains a pending claim before the trial court. *See* R.C. 2505.02.

{¶ 16} Civ.R. 54(B), which applies to actions involving multiple claims and multiple parties, provides;

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of

- 6 -

the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 17} In other words, the rule provides that if, in a case involving multiple parties or multiple claims, the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is not a final appealable order unless it includes the language that "there is no just reason for delay." *Scruggs* at ¶ 8; *Stealth Investigations, Inc. v. Mid-Western Auto Sales, Inc.*, 12th Dist. Butler No. CA2009-08-216, 2010-Ohio-327, ¶ 9, citing *Internatl. Bd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7. "In absence of express Civ.R. 54(B) language, an appellate court may not review an order disposing of fewer than all claims." *Internatl. Bd.* at ¶ 8.

{¶ 18} The trial court did not include the requisite Civ.R. 54(B) language in the Final Judgment Entry. Therefore, Civ. R. 54(B) does not allow us to decide this appeal involving only the negligence claim when the breach of contract claim has not yet been decided.

{¶ 19} Because the requirements of R.C. 2505.02 were not met by the Final Judgment Entry, and because the court did not include Civ.R. 54(B) language in the entry, there is no final appealable order in this case and the appeal must be dismissed. *See Scruggs* at ¶ 5.

{¶ 20} Finally, we reject Ironwood's counsel's assertion at oral argument that the breach of contract claim was mooted by the trial court's decision on the negligence claim. It is true that "a judgment in an action which determines a claim in that action and has the

effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment." *Wise v. Gursky*, 66 Ohio St.2d 241, 243 (1981). However, we are aware of no reason why the trial court's decision granting judgment to the Smiths on their negligence claim would render their breach of contract claim moot. The Smiths' two claims were independent of one another, and only one has been decided by the trial court. Consequently, we dismiss the appeal for lack of a final appealable order.

{¶ 21} Appeal dismissed.

M. POWELL, P.J., and S. POWELL, J., concur.