[Cite as *Meddock v. Meddock*, 2021-Ohio-2718.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| DEBORAH F. MEDDOCK, | : | |
| Appellee, | : | CASE NO. CA2020-08-013 |
| | : | O P I N I O N |
| - vs - | | 8/9/2021 |
| | : | |
| TERRY E. MEDDOCK, | : | |
| Appellant. | : | |


CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH20190160


Kiger & Kiger Lawyers, and James A. Kiger, for appellee.

Mark J. Pitstick, for appellant.



**BYRNE, J.**

{¶1} Appellant, Terry E. Meddock ("Terry"), appeals from the judgment of the Fayette County Court of Common Pleas granting summary judgment to appellee, Deborah F. Meddock ("Deborah"). Because we find the trial court did not finally dispose of or otherwise adjudicate Terry's counterclaim and did not reference the requisite Civ.R. 54(B) language in its summary judgment decision, we dismiss the appeal for lack of a final appealable order and remand for further proceedings.

## I. Facts and Procedural History

{¶2}   Terry and Deborah were married in February 1969.  They divorced on March 12, 2014, and the Fayette County Court of Common Pleas, Domestic Relations Division, issued an agreed magistrate's decision and decree of divorce.  Relevant to this appeal, at the time of their divorce, the parties jointly owned real property at 1055 State Route 503, Arcanum, Darke County, Ohio.  The description of the property as set forth in the divorce decree indicated the property contained "3.003 acres of land, more or less[.]"  Pursuant to the divorce decree, Terry was required to remove Deborah's name from all obligations associated with said property within ten months of January 23, 2014.  Terry was also required to pay Deborah $75,000.00 within ten months of January 23, 2014 for Deborah's share of marital equity in the real property.  If Terry could not procure Deborah's $75,000.00 within the ten-month timeframe, the decree required the property to be immediately sold and Deborah's lien would be satisfied with the proceeds from the sale.

{¶3}   On May 29, 2019, approximately five years after the parties' divorce was finalized and the divorce decree was entered, Deborah filed a "Complaint to Enter Money Judgment of Decree of Divorce" with the Fayette County Court of Common Pleas, General Division.  Deborah's complaint alleged that she requested Terry to comply with the terms of the divorce decree, but Terry refused to do so.  Specifically, Deborah alleged she "repeatedly offered to execute the deed to [Terry] for her interest in the real property upon payment of the * * * $75,000," but Terry refused to comply.  Due to Terry's noncompliance, and pursuant to the terms of the divorce decree, the complaint alleged Terry owes Deborah $75,000.00, plus interest at the statutory rate from 2014 to date.

{¶4}   On December 16, 2019, Terry moved the trial court to transfer or consolidate the instant case pending in the General Division of the Fayette County Court of Common Pleas, with the prior divorce proceedings in the Domestic Relations Division.  According to

Terry, the general division was the improper venue to adjudicate Deborah's complaint, and she should have filed a contempt action within the couple's prior divorce proceedings. The trial court denied Terry's motion.

{¶5} Thereafter, on December 23, 2019, Terry filed an answer to Deborah's complaint and a counterclaim. Terry's answer admitted that pursuant to the agreed magistrate's decision and decree of divorce, he was to pay Deborah the sum of $75,000.00. However, Terry denied that he refused to sell the property and denied that Deborah requested Terry to do so. Terry also asserted several affirmative defenses, including that Deborah failed to file the action in the proper venue.

{¶6} In his counterclaim, Terry alleged he is owed "an amount in excess of $25,000" for the amount of expenses he has incurred from Deborah's continued use of the real property at issue. Terry further alleged the Fayette County trial court did not have jurisdiction over the matter, as he is a resident of Darke County and the real property at issue is also located in Darke County.

{¶7} In January 2020, Deborah filed an answer to Terry's counterclaim, denying the allegations contained therein.

{¶8} In April 2020, Deborah moved the trial court to dismiss Terry's counterclaim. Deborah also moved the trial court for summary judgment on her complaint, wherein she argued it was clear from the pleadings that Terry failed to pay Deborah the $75,000 in accordance with the divorce decree.

{¶9} In response to Deborah's motion for summary judgment, Terry claimed the legal description contained in the divorce decree was inaccurate, and only included a portion of the parcels of land owned by him and Deborah and located at 1055 St. Rt. 503. Terry argued that because the legal description within the decree was inaccurate and a divorce decree cannot partially divide the marital property, Deborah's motion for summary

- 3 -

judgment should be denied.

{¶10} On August 26, 2020, the trial court granted Deborah's summary judgment motion and rendered judgment in her favor in the amount of $75,000 with interest.[1] In its decision, the trial court also stated that "[Terry's] counterclaim is improperly venued and will be dismissed thirty (30) days from the date hereof unless [Terry] requests transfer to the Darke County, Ohio Court of Common Pleas." The trial court expressly designated its decision as a "Final Appealable Order."

{¶11} On August 31, 2020, Terry appealed from the trial court's decision.

**II. Law and Analysis**

{¶12} On appeal, Terry raises six assignments of error for our review:

{¶13} Assignment of Error No. 1:

{¶14} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO TRANSFER/CONSOLIDATE.

{¶15} Assignment of Error No. 2:

{¶16} THE TRIAL COURT ERRED IN ITS CONCLUSION THAT A CIV. R. 60(B)(5) MUST BE SOUGHT WITHIN ONE (1) YEAR.

{¶17} Assignment of Error No. 3:

{¶18} THE TRIAL COURT ERRED IN THAT THE COURT LACKED JURISDICTION TO CORRECT THE PROBLEM WITH THE INCORRECT LEGAL DESCRIPTION.

{¶19} Assignment of Error No. 4:

---

1. According to the trial court's decision, while Deborah's motion for summary judgment was pending, Terry sought relief from judgment and for clarification of the divorce decree via filings within the couple's prior divorce proceedings in the Domestic Relations Division. In its decision regarding Terry's counterclaim and Deborah's motion for summary judgment, the trial court also considered, and denied, Terry's motion for relief from judgment. For the purposes of this opinion, we will only discuss the decision as it pertains to the filings in the General Division.

{¶20} THE TRIAL COURT ERRED IN FINDING APPELLANT'S COUNTCLAIM (sic) WAS IMPROPERLY VENUED.

{¶21} Assignment of Error No. 5:

{¶22} THE TRIAL COURT ERRED IN DISMISSING COUNTERCLAIM SUA SPONTE AFTER APPELLANT FILED HIS APPEAL.

{¶23} Assignment of Error No. 6:

{¶24} THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION TO SET ASIDE THE DECREE OF DIVORCE.

{¶25} Because it presents a jurisdictional issue, we begin with Terry's fifth assignment of error.

{¶26} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). An appellate court has no choice but to sua sponte dismiss an appeal that is not a final appealable order. *Curry v. Blanchester*, 12th Dist. Clinton Nos. CA2008-07-024 and CA2008-07-028, 2009-Ohio-1649, ¶ 19, citing *Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶27} "A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Denham v. New Carlisle*, 86 Ohio St.3d 594, 595 (1999). As relevant here, Civ.R. 54(B), which applies to actions involving multiple claims and multiple parties, provides the following:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶28} Thus, the rule provides that if, in a case involving multiple parties or multiple claims, the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is not a final appealable order unless it includes the language that "there is no just reason for delay." *State ex rel. Scruggs v. Sadler*, 97 Ohio St. 3d 78, 2002-Ohio-5315, ¶ 8; *Stealth Investigations, Inc. v. Mid-Western Auto Sales, Inc.*, 12th Dist. Butler No. CA2009-08-216, 2010-Ohio-327, ¶ 9, citing *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7. In the absence of the express Civ.R. 54(B) language within the trial court's entry, an appellate court may not review an order disposing of fewer than all claims. *Internatl. Bhd.* at ¶ 8. Additionally, a trial court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating the order as final. *Id.*

{¶29} Here, the trial court's August 26, 2020 judgment entry granted Deborah's motion for summary judgment and then stated the following: "[Terry's] counterclaim is improperly venued and will be dismissed thirty (30) days from the date hereof unless [Terry] requests transfer to the Darke County, Ohio Court of Common Pleas." Therefore, the trial court's judgment entry only rendered judgment on Deborah's summary judgment motion, but did not finally dispose of or otherwise adjudicate Terry's counterclaim. Though the trial court indicated that it did not have jurisdiction to hear Terry's counterclaim, Terry's counterclaim remained pending before the trial court at the time Terry filed his appeal. The trial court was free to dismiss the counterclaim (as it indicated it would do) or take some other action with respect to the counterclaim.

{¶30} Therefore, because the trial court did not finally resolve Terry's counterclaim, Civ.R. 54(B) does not allow us to decide this appeal unless the express language of Civ.R. 54(B) was included in the trial court's entry. Although the trial court expressly noted that its decision was a "final appealable order," it did not include the requisite Civ.R. 54(B) language in its summary judgment decision. Consequently, because the trial court did not include Civ.R. 54(B) language in its entry, there is no final appealable order in this case. *See Eagles View Professional Park Condominium Unit Owners Assn., Inc. v. EVPP, L.L.C.*, 12th Dist. Butler No. CA2014-06-134, 2015-Ohio-1929, ¶ 16-17.

### III. Conclusion

{¶31} Accordingly, for the reasons set forth above, we conclude that we lack jurisdiction to consider the trial court's granting of Deborah's summary judgment motion as the court's judgment does not constitute a final appealable order. See *Smith v. Ironwood at Shaker Run Condominium Owners' Assn., Inc.*, 12th Dist. Warren No. CA2020-08-051, 2021-Ohio-346, ¶ 18-19; see also *Nolze v. Cecutti*, 10th Dist. Franklin No. 77AP-1113, 1977 Ohio App. LEXIS 8833 (May 17, 1977) (finding no final appealable order where the judgment entry did not dismiss the action but instead stated the case would be dismissed on a specific future date unless the appellant complied with the order). As a result, we must dismiss Terry's appeal.[2]

---

2. The parties, in their briefing, shared with the court that on October 23, 2020—after the notice of appeal was filed—the trial court dismissed Terry's counterclaim without prejudice. But we must only consider the record as it existed at the time the notice of appeal was filed, and "[w]e may not consider acts that occurred or issues that arose after a notice of appeal was filed." *Fifth Third Bank v. Fin. S. Office Partners, Ltd.*, 2d Dist. Montgomery No. 23762, 2010-Ohio-5638, * 7-8. "An appeal is perfected upon the filing of a written notice of appeal." R.C. 2505.04. Generally, after the notice of appeal is filed, a trial court loses jurisdiction to proceed in any way that would interfere with an appellate court's ability to review, affirm, reverse, vacate, or modify the judgment of the trial court. *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 12th Dist. Warren No. CA2008-02-026, 2009-Ohio-1158, ¶ 11, citing *Daloia v. Franciscan Health Sys.*, 79 Ohio St. 3d 98 (1994). Thus, once a case has been appealed, the trial court is divested of jurisdiction except to take action in aid of the appeal. *Daloia* at fn. 5. Because the issue is not properly before us, we leave to the trial court to determine whether it had jurisdiction to issue its October 23, 2020 dismissal of Terry's counterclaim during the pendency of this appeal, and if not, how to address that issue. We express no opinion at this time as to whether the trial court's decision to dismiss the counterclaim for improper venue was correct.

{¶32} We are aware that our decision today will lead to additional procedural steps in this case, and that this may postpone a final resolution on the merits. We are sympathetic to the parties' desire for a final resolution. However, as a legal matter we cannot ignore the lack of a final appealable order, as the lack of a final appealable order is a jurisdictional defect.

{¶33} Appeal dismissed.

M. POWELL, P.J., and HENDRICKSON, J., concur.