[Cite as *Baker v. Comley*, 2024-Ohio-1312.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| KIMBERLY BAKER, | : | CASE NO. CA2023-01-007 |
| Appellee, | : | |
| | : | O P I N I O N<br>4/8/2024 |
| - vs - | : | |
| | : | |
| GERALD COMLEY, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA I COURT
Case No. CVI2200455

Gerald Comley, pro se.

**BYRNE, J.**

{¶ 1}   Gerald Comley appeals from the decision of the Butler County Area I Court, which granted a small claims judgment in favor of appellee, Kimberly Baker.  For the reasons discussed below, we dismiss this appeal for lack of a final appealable order.

**I. Factual and Procedural Background**

{¶ 2}   This case involves a dispute over a home remodeling contract.  Baker filed a small claims complaint naming Comley and GeriCo, LLC as the defendants.  The record

reflects proper service was made against both defendants by serving Comley (a member or manager of GeriCo, LLC) at his address in Farmersville, Ohio, which is also the "usual place of business" of GeriCo, LLC as indicated in documents in the record. *See* Civ.R. 4.2(G).

{¶ 3}  In the complaint, Baker alleged that she hired the "Defendant"[1] to do remodeling work on her property but that the defendant only completed some of the work by the agreed upon completion date.  Baker alleged that the defendant then quit work and she had to hire other people to finish the work.

{¶ 4}  Baker stated in the complaint that she paid $8,000 "upfront" for the work, but that the work partially completed was only worth $4,755.  Baker asked for the return of $3,245, or the balance of the $8,000 payment, minus work performed.

{¶ 5}  The matter proceeded to a trial before a magistrate.  Baker and Comley appeared pro se.  No attorney appeared on behalf of GeriCo, LLC.  Baker and Comley testified and submitted exhibits concerning the dispute.

{¶ 6}  The magistrate issued a decision recounting the evidence submitted.  The magistrate considered the parties' credibility along with the documentary evidence and found that Baker proved through Comley's own estimates the value of the work performed. The magistrate additionally found that Comley had not completed the work he had contracted to do, even though he was paid for that work.

{¶ 7}  Accordingly, the magistrate found that Baker was entitled to a partial refund of the $8,000 payment.  The magistrate awarded judgment to Baker, as requested, in the amount of $3,245.  The magistrate entered this judgment against Comley, not GeriCo, LLC.

---

1. Baker did not specify to which defendant she was referring.  Through the context of the remainder of the complaint, it appears that she was primarily referring to Comley, individually.

The magistrate's decision did not refer to GeriCo, LLC and otherwise did not discuss the distinction between the two named defendants.

{¶ 8} Comley did not object to the magistrate's decision. The trial court subsequently adopted the magistrate's decision without modification. Comley then noticed his pro se appeal. Baker did not file an appellate brief.

## II. Law and Analysis

{¶ 9} Comley presents two assignments of error. In his first assignment of error, Comley contends that the court failed to consider the application of a statute in Ohio's statutory codification of the Uniform Commercial Code. In his second assignment of error, Comley argues that the court erred by granting judgment against him individually, rather than against GeriCo, LLC. However, because it presents a jurisdictional issue, we must sua sponte address the effect of the lack of any final judgment rendered against GeriCo, LLC. *Barber v. Ryan*, 12th Dist. Butler No. CA2010-01-006, 2010-Ohio-3471, ¶ 6, citing *Stevens v. Ackman*, 91 Ohio St.3d 182, 186 (2001) ("This court is required to raise jurisdictional issues sua sponte and dismiss an appeal that is not taken from a final appealable order").

{¶ 10} Appellate courts have jurisdiction over judgments or final orders of inferior courts within their district. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.03(A). If an order is not final and appealable, then the appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Carpenter v. Carpenter*, 12th Dist. Butler No. CA2013-05-083, 2013-Ohio-4980, ¶ 8. "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 5.

{¶ 11} R.C. 2505.02 provides that an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment * * *." R.C.

2505.02(B)(1). After thorough consideration, we find that the trial court's decision is not a final appealable order under R.C. 2505.02.

{¶ 12} The magistrate's decision, as adopted by the trial court, only decided Baker's claim against Comley. The decision did not mention the fact of GeriCo, LLC's status as a defendant and did not otherwise render any judgment on Baker's claim against GeriCo, LLC. Neither party objected to the magistrate's decision and the trial court adopted the magistrate's decision as its own, without modification, and entered judgment against Comley individually. As such, the trial court entered no judgment for or against GeriCo, LLC. Therefore, the trial court's decision did not prevent a judgment in favor of or against GeriCo, LLC and Baker's claim against GeriCo, LLC remains a pending claim before the trial court. *See* R.C. 2505.02.

{¶ 13} Civ.R. 54(B), which applies to actions involving multiple claims and multiple parties, provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 14} In other words, the rule provides that if, in a case involving multiple parties or multiple claims, the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is not a final appealable order unless it includes the language that "there is no just reason for delay." *Scruggs*, 2002-Ohio-5315 at ¶ 8; *Stealth Investigations,*

- 4 -

*Inc. v. Mid-Western Auto Sales, Inc.*, 12th Dist. Butler No. CA2009-08-216, 2010-Ohio-327, ¶ 9, citing *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7. "In the absence of express Civ.R. 54(B) language, an appellate court may not review an order disposing of fewer than all claims." *Internatl. Bhd.* at ¶ 8.

{¶ 15} The trial court did not include the requisite Civ.R. 54(B) language in the entry adopting the magistrate's decision. Therefore, Civ. R. 54(B) does not allow us to decide this appeal involving only Baker's claim against Comley, when Baker's claim against GeriCo, LLC has not been decided. Therefore, Comley has not appealed from a final appealable order and we lack jurisdiction over this appeal.

### III. Conclusion

{¶ 16} Because the requirements of R.C. 2505.02 were not met by the entry adopting the magistrate's decision, and because the trial court did not include Civ.R. 54(B) language in the entry, there is no final appealable order in this case and the appeal must be dismissed. *See Scruggs*, 2002-Ohio-5315 at ¶ 5; *Smith v. Ironwood at Shaker Run Condominium Owners' Assn.*, 12th Dist. Warren No. CA2020-08-51, 2021-Ohio-346, ¶ 14.

{¶ 17} We are aware that our decision today will lead to additional procedural steps, and that this may postpone a final resolution on the merits. We are sympathetic to Comley's desire for a final resolution. However, as a legal matter, we cannot ignore the lack of a final appealable order for expediency, as the lack of a final appealable order is a jurisdictional defect. *See Meddock v. Meddock*, 12th Dist. Fayette No. CA2020-08-013, 2021-Ohio-2718, ¶ 32.

{¶ 18} Appeal dismissed.

S. POWELL, P.J., and M. POWELL, J., concur.